*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS G. STAUFFER,

        Plaintiff-Appellant,

v

ACRISURE LLC,

        Defendant-Appellee.

UNPUBLISHED
May 29, 2026
9:46 AM

No. 372936
Kent Circuit Court
LC No. 23-010475-NO

Before: WALLACE, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

In this action for age discrimination and a violation of the Bullard-Plawecki Employee Right to Know Act (Bullard-Plawecki Act), MCL 423.501 *et seq.*, plaintiff appeals as of right the trial court's order granting defendant summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case involves defendant's termination of plaintiff after his license to sell insurance was suspended. Plaintiff was born in 1952. He worked for defendant as an insurance producer which required him "[t]o generate new business, to retain existing business, and to be the relationship manager with the clients."

Defendant required insurance producers to maintain a valid license to sell insurance. See MCL 500.1201a(1) ("A person shall not sell, solicit, or negotiate insurance in this state for any line of insurance unless the person is licensed for that qualification in accordance with this

-1-

chapter."). Defendant's employee handbook stated: "Failure to maintain a license will result in performance management action up to and including termination."[1]

In 2020, plaintiff told his supervisors he planned to retire in early 2022. Defendant hired Sammantha Pattison, who plaintiff would train to take over his clients, in 2021. Plaintiff subsequently moved back his anticipated retirement date because he did not think Pattison was ready to take over his clients.

To renew plaintiff's license, he was required to complete 24 hours of continuing education credits every two years. MCL 500.1204c(2). After a license expires, an insurance producer has "a 90-day grace period" to complete continuing education, after which the license would be canceled. MCL 500.1204c(11). During the grace period, an insurance producer "shall not solicit or sell new policies of insurance, . . . except that the insurance producer may continue to service policies previously sold . . . ." *Id*.

On April 26, 2022, the Michigan Department of Insurance and Licensing Services (DIFS) notified plaintiff that he had not completed any continuing education credits. If plaintiff did not complete 24 credits by August 1, 2022, his insurance license would be suspended.[2] Plaintiff understood, if his license was suspended, he "could not write new business but . . . could service or renew . . . existing business for a period of 90 days . . . ." Plaintiff intended to discuss with his supervisors whether he had to retire once the 90-day grace period expired or whether he could retire on January 1, 2023. He did not try to obtain continuing education credits.

DIFS sent a notice on August 5, 2022, stating plaintiff's license was suspended because he did not complete continuing education. Plaintiff continued to work on existing clients and did not think his inability to obtain new business was an issue because his "main focus was to introduce [Pattison] to [his] clients . . . ."

On August 26, 2022, William Wesley, one of defendant's partners, and Joe Richards, defendant's vice president of sales, informed plaintiff that he was terminated from his insurance producer position. Wesley thought an insurance producer had to maintain "a license in good standing[]" to be employed. He claimed he was unaware plaintiff's 70th birthday was the day before the termination.[3]

---

[1] The handbook further stated: "Our performance management system[] . . . takes into account the seriousness of the offense, as well as the employees [sic] overall work record in determining the outcome of each case."

[2] Plaintiff did not remember receiving the notice from DIFS. He thought his license expired on August 25, 2022, not August 1, 2022.

[3] Plaintiff claimed defendant terminated him to avoid having to pay his "fourth quarter commissions[]" and his retirement and health benefits. Plaintiff also claimed another insurance producer continued to work for defendant even though the producer did not complete continuing education credits. Wesley was unaware of any other insurance producer whose license was suspended.

On September 13 and October 5, 2022, plaintiff sent defendant letters requesting "a complete copy of [his] employment file at Acrisure." Plaintiff's second letter mentioned that he had made an earlier verbal request and plaintiff also provided an earlier message asking defendant to "send" him his employment file. Plaintiff testified that he did not receive his employment file until after he filed this lawsuit.[4] Plaintiff did not think anything was missing in the file.

On October 23, 2023, plaintiff filed his complaint, first alleging defendant violated the Bullard-Plawecki Act by failing to timely provide him with a copy of his employment file. Second, plaintiff raised an age discrimination claim under the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*. He argued defendant used his failure to complete continuing education credits as an "excuse" to terminate him and his age was a "determining factor" in the termination.

In August 2024, defendant moved for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). Defendant asserted plaintiff did not comply with the Bullard-Plawecki Act because he did not request to review his personnel file before he requested a copy of the file. Defendant argued plaintiff did not show a prima facie age discrimination claim because: (1) his license suspension meant he was unqualified for his position and (2) he did not show other employees were allowed to continue working with a suspended license. Plaintiff also could not establish defendant's legitimate reason for terminating him was pretextual.

The trial court granted defendant summary disposition on both counts. First, the trial court ruled that plaintiff did not comply with the Bullard-Plawecki Act because he did not request to review his personnel file, and, in any event, plaintiff did not establish prejudice from defendant's delay in producing his file. Second, the trial court ruled plaintiff was unqualified for his position because his license was suspended. And, even if plaintiff could establish a prima facie age-discrimination claim, defendant terminated him for a legitimate, nondiscriminatory reason and plaintiff could not show pretext.

Plaintiff now appeals.

## II. STANDARD OF REVIEW

This Court reviews a trial court's grant of summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Defendant's motion for summary disposition was brought under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint. *Id*. at 120. "All well-pleaded allegations are viewed in the light most favorable to the nonmoving party unless documentary evidence is provided that contradicts them." *Haksluoto v*

---

[4] The record does not indicate precisely when plaintiff received the file. The parties do not dispute plaintiff received his employment file at some time after he filed this lawsuit.

*Mt Clemens Regional Med Ctr*, 500 Mich 304, 309; 901 NW2d 577 (2017). If the movant meets the initial burden of supporting his position by documentary evidence, the burden shifts to the nonmovant to establish that a genuine issue of material fact exists. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).

"Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Maiden*, 461 Mich at 120. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A court may not make findings of fact; if the evidence before it is conflicting, summary disposition is improper." *Piccione v Gillette*, 327 Mich App 16, 19; 932 NW2d 197 (2019) (quotation marks and citation omitted; emphasis omitted).

## III. ANALYSIS

### A. AGE DISCRIMINATION

Plaintiff argues the trial court erroneously dismissed his age discrimination claim by finding that he was unqualified for his position. We disagree.

Under ELCRA, "[a]n employer shall not . . . discharge[] or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of . . . age . . . ." MCL 37.2202(1)(a). When, as here, there is no direct evidence of discrimination, plaintiff "must then proceed through the familiar steps" of *McDonnell Douglas Corp v Green*, 411 US 792, 802-803; 93 S Ct 1817; 36 L Ed 2d 668 (1973), to avoid summary disposition. *Hazle v Ford Motor Co*, 464 Mich 456, 462-463; 628 NW2d 515 (2001). "The *McDonnell Douglas* approach allows a plaintiff to present a rebuttable prima facie case on the basis of proofs from which a factfinder could *infer* that the plaintiff was the victim of unlawful discrimination." *Hazle*, 464 Mich at 462. "The plaintiff must show he was "(1) a member of a protected class, (2) subject to an adverse employment action, (3) qualified for the position, and that (4) others, similarly situated and outside the protected class, were unaffected by the employer's adverse conduct." *Town v Mich Bell Tel Co*, 455 Mich 688, 695; 568 NW2d 64 (1997). If the employer demonstrates "a nondiscriminatory reason for the discharge, . . . the presumption of discrimination evaporates." *Id*. The plaintiff must then show "the employer's nondiscriminatory reason was not the true reason for the discharge and . . . the plaintiff's age was a motivating factor in the employer's decision." *Id*. at 697.

Plaintiff's claim fails because there was no genuine issue of material fact that plaintiff was unqualified for his insurance producer position. DIFS suspended plaintiff's license to sell insurance because he did not complete any of the required 24 continuing education credits. Under MCL 500.1204c(11), plaintiff could continue to service existing policies for 90 days after his suspension, but he could not "solicit or sell" new policies. According to Wesley, defendant terminated plaintiff because his license was suspended. Plaintiff argues he was still qualified to

work as an insurance producer because he could continue to work with existing clients, which were the vast majority of his business. Even so, plaintiff admitted that his "main job" for defendant was "to go out and get new business and manage that business . . . ." Wesley also said one of plaintiff's duties was to generate new business. Plaintiff argues Pattison could have worked on any new clients he received while his license was suspended. Plaintiff, however, was prohibited from soliciting or selling new insurance policies. MCL 500.1204c(11). Therefore, plaintiff would not have been able to obtain new clients then pass them on to Pattison. Accordingly, the trial court did not err by ruling that plaintiff's suspended license and his inability to obtain new business made him unqualified for his insurance producer position.

And, even if plaintiff had met his prima facie burden, his suspended license was a legitimate, nondiscriminatory reason for defendant to terminate him. Plaintiff did not demonstrate a triable issue of fact whether that nondiscriminatory reason was a pretext for age discrimination. Initially, plaintiff mischaracterizes his burden to demonstrate a genuine issue of material fact under *Town*. He argues, once he established a prima facie claim, defendant's rebuttal of that claim by providing a nondiscriminatory reason inherently created a genuine issue of material fact. However, "the fact that a plaintiff has established a prima facie case of discrimination . . . does not necessarily preclude summary disposition in the defendant's favor." *Hazle*, 464 Mich at 463-464. Under *Town*, 455 Mich at 697, a plaintiff who establishes a prima facie claim must also show that his "employer's nondiscriminatory purpose was not the true reason for the discharge and that the plaintiff's age was a motivating factor in the employer's decision" in order to avoid summary disposition.

Plaintiff argues defendant's reason for terminating him was pretextual because it was not preceded by any less severe employment actions and the termination occurred one day after his 70th birthday. But plaintiff was well aware he could be terminated if he did not have a valid license because defendant's employee handbook provides that an employee's "[f]ailure to maintain a license will result in performance management action up to and including termination." Therefore, defendant was not required to impose less drastic steps before terminating plaintiff. And although plaintiff notes that defendant terminated him one day after his 70th birthday, he never demonstrated that this fact was anything other than coincidental. Thus, plaintiff never presented any evidence showing his age was a factor, let alone a motivating one, in Wesley and Richards's decision to terminate him. Accordingly, the trial court did not err by ruling defendant's termination of plaintiff based on his suspended license was pretextual.

## B. THE BULLARD-PLAWECKI ACT

Plaintiff also asserts that the trial court erred by granting defendant's motion for summary disposition on his Bullard-Plawecki Act claim because defendant did not send plaintiff his employment file until after he filed his lawsuit. We disagree.

MCL 423.503 requires "[a]n employer, upon written request which describes the personnel record, shall provide the employee with an opportunity to periodically review at reasonable intervals . . . the employee's personnel record . . . ."[5] "After the review provided in section 3, an employee may obtain a copy of the information or part of the information contained in the employee's personnel record." MCL 423.504. And "[i]f an employee demonstrates that he or she is unable to review his or her personnel record at the employing unit, then the employer, upon that employee's written request, shall mail a copy of the requested record to the employee." *Id*. Further, "[i]f an employer violates [the Act], an employee may commence an action in the circuit court to compel compliance with" it. MCL 423.511.

This Court addressed a claim similar to plaintiff's claim in *Sobieski v Takata Seat Belts, Inc*, unpublished per curiam opinion of the Court of Appeals, issued August 8, 2006 (Docket No. 268366), pp 7-8.[6] Specifically, the *Sobieski* plaintiff alleged that the defendants did not provide a copy of his employment file within a reasonable time. *Id*. at 7. This Court observed that the plaintiff "merely complain[ed] about the delay" before the defendant provided his employment file and that the Bullard-Plawecki Act "fail[ed] to delineate a time frame for compliance." *Id*. Additionally, this Court determined that "it [was] more significant that" the plaintiff "fail[ed] to allege that he requested to review his file" under "MCL 423.504, which is required before requesting a copy of that file." *Sobieski*, unpub op at 7. Nor did the plaintiff "offer any evidence to show that he was unable to review his record at the employer's location" under MCL 423.504. Because the plaintiff failed to comply with the statutory requirements, the employer "was under no obligation to produce a copy of [his] personnel record when it received the written request." *Sobieski*, unpub op at 7-8. And this Court affirmed the trial court's order granting summary disposition to the defendant employer. *Id*. at 8.

Similarly, in this case, plaintiff argues that defendant's delay in responding to his requests for his employment file was unreasonable. But there was no record evidence that plaintiff requested to review the file in-person before asking for a copy of the file or that he was unable to review the record at his employer's location. Considering the Act's plain statutory language, we

---

[5] "The review shall take place at a location reasonably near the employee's place of employment and during normal office hours." MCL 423.503.

[6] "Although MCR 7.215(C)(1) provides that unpublished opinions are not binding under the rule of stare decisis, a court may nonetheless consider such opinions for their instructive or persuasive value." *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017).

cannot conclude that the trial court clearly erred in granting defendant's motion for summary disposition on his claim that defendant violated the Bullard-Plawecki Act.[7]

Affirmed.

/s/ Randy J. Wallace
/s/ Anica Letica
/s/ Kathleen A. Feeney

---

[7] Plaintiff further asserts that defendant's delay in producing his employment file prejudiced him because defendant concealed necessary evidence, specifically records from employees similarly situated to him that were not discharged despite their failure to complete the required continuing education requirement. The trial court denied plaintiff's motion to compel discovery of these alleged records, ruling that plaintiff's motion was untimely. Plaintiff does not challenge that ruling on appeal. Notably, the Bullard-Plawecki Act only allows an employee to review their own employment record, not other employees' employment records. See MCL 423.503; MCL 423.504. Therefore, defendant could not have violated the Bullard-Plawecki Act by failing to provide alleged records from similarly situated employees. Furthermore, plaintiff failed to identify any missing documents or information from his employment file after he received it. Thus, the trial court properly ruled plaintiff was not prejudiced by defendant's delay.